**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000921**
**27-JAN-2017**
**08:26 AM**

NO. CAAP-14-0000921

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EDWIN K. CUMMINGS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 13-1-2321)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Edwin K. Cummings (**Cummings**)
appeals from the May 21, 2014 Judgment of Conviction, Order, and
Sentence (**Judgment**), and the June 13, 2014 Findings of Fact,
Conclusions of Law, and Guilty Verdict (**FOF/COL**), entered in the
Family Court of the First Circuit (**Family Court**).[1] After a bench
trial, Cummings was convicted of Abuse of Family or Household
Members in violation of Hawaii Revised Statutes (**HRS**) § 709-
906(1) (Supp. 2016).[2] Cummings was sentenced to two days jail,

---

[1] The Honorable Na'unanikina'u A. Kamali'i presided.

[2] HRS § 709-906(1) states in part: "It shall be unlawful for any
person, singly or in concert, to physically abuse a family or household member
or to refuse compliance with the lawful order of a police officer under
subsection (4)."

two years probation and ordered to attend a domestic violence intervention program.

Cummings raises two points of error on appeal, contending that:

(1) The Family Court erred in concluding that the Protection of Property Defense is unavailable where Cummings and the complaining witness (**CW**), his wife, were co-owners of the property; and

(2) There is no substantial evidence to support the conviction as the State failed to disprove the Protection of Property Defense beyond a reasonable doubt.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cummings's points of error as follows:

HRS § 703-306 (2014) provides, in relevant part:

> **§ 703-306  Use of Force for the protection of property.**  (1) The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary:
>
> . . . .
>
>     (c)   To prevent theft, criminal mischief, or any trespassory taking of tangible, movable property in the actor's possession or in the possession of another person for whose protection the actor acts.
>
>     (2)   The actor may in the circumstances specified in subsection (1) use such force as the actor believes is necessary to protect the threatened property, provided that the actor first requests the person against whom force is used to desist from the person's interference with the property, unless the actor believes that:
>
>     (a)   Such a request would be useless;
>     (b)   It would be dangerous to the actor or another person to make the request; or
>     (c)   Substantial harm would be done to the physical condition of the property which is sought to be protected before the request could effectively be made.

As Cummings contends, the Circuit Court erred when it concluded that the Protection of Property defense set forth in HRS § 703-306 is not available to a defendant where the property is co-owned by the defendant and the person against whom force has been used.[3] As plainly stated in HRS § 703-306, this justification defense does not require that the actor using force be the sole owner, or even an owner, of the subject property; rather, it requires that the "property [be] in the actor's possession." Simply put, ownership is not the issue. Cummings and CW's co-ownership of the truck did not preclude Cummings from asserting this defense.

The Circuit Court nevertheless ruled, in Conclusion of Law 7:

> 7. The court also concludes that, to the extent that the evidence presented gave rise to the possible justification defenses of self-defense and/or defense of property, the State met its burden of negating these potential defenses beyond a reasonable doubt.

Cummings contends that there was insufficient evidence for the State to meet its burden to disprove the justification defense beyond a reasonable doubt. See HRS § 701-115 (2014). This argument, however, is grounded in Cummings's assertion that this court should overturn the Family Court's determinations as to the credibility of the witnesses and the weight of the evidence.

The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies

---

[3] We note that the State neither repeated nor conceded this argument on appeal, although it successfully argued this point in the Family Court.

whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

"Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Here, the Family Court's findings included, "[g]iven the court's careful observation of [CW], and based on the totality of the evidence and circumstances brought out at trial, the court finds [CW's] recantations, both written and testimonial, unconvincing and lacking credibility." The Family Court found Cummings's testimony regarding the subject incident, including the assertions that CW dumped juice in his truck, and keyed the exterior, to be "unconvincing and lacking credibility" as well. Instead, the Family Court found CW's initial recounting of the incident in her (first) written statement to be most credible. This written statement followed shortly after the incident, and was prepared after CW drove immediately to a police station. It was consistent with the duty officer's testimony concerning his observations of slight redness on CW's neck, where she claimed to have been choked, and the minor scratches, abrasions, and redness observed on CW's arms. In this initial statement, CW said she was searching Cummings's truck for his

house key and Cummings "suddenly started choking [her] and [she] couldn't breath" and that he then "grabbed [her] and threw [her] on the ground."

Viewing the evidence and inferences in a light most favorable to the State, and in light of the Family Court's assessment of the lack of credibility of CW's recantation and Cummings's testimony, we conclude that there was substantial evidence negating the justification defense. The CW's original report described an unprovoked attack, rather than an action to protect threatened property. See HRS § 703-306.

Accordingly, the Family Court's May 21, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 27, 2017.

On the briefs:

Todd Eddins,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge